OPINION
Defendant-appellant Anthony Boyce appeals from the trial court's finding that he is a sexual predator pursuant to R.C. Chap. 2950, also known as H.B. 180, and subject to the requirements of that legislation. Defendant appeals raising numerous constitutional and other challenges to the new legislation. For the reasons hereinafter discussed, we find the matter should be reversed and remanded.
Defendant was indicted on August 20, 1991 in CR-270594 for two counts of rape of a child under the age of 13 years old (R.C.2907.02) and one count of kidnaping (R.C. 2905.01).
Following a plea bargain on October 16, 1991, defendant pled guilty to one count of rape for which he was sentenced to five to twenty-five years incarceration, with five years actual incarceration.
Following enactment of H.B. 180, on September 18, 1997, the defendant was returned to the Common Pleas Court for a sexual predator hearing pursuant to the new Act. Defendant was represented by assigned counsel who filed a motion to dismiss the proceedings on the grounds that H.B. 180 was unconstitutional as an ex post facto or retroactive law. These motions were denied by the trial court. (Tr. 3).
The factors the trial court took into account in its sexual predator determination were enumerated below as follows:
 The fact of the matter is the Court is going to take Judicial notice of the facts in case number 270594, of all the Journal Entries that are attached to the request from the Department of Rehabilitation and Corrections, and as appears in this Court's own docket, on that case number, to commence with the fact that you were arrested in August of 1991, and, subsequently disposed of this case, after a mistrial, by way of a plea of guilty to a Rape Charge that was amended to delete the age of the victim. I'm going to incorporate, by reference, the trial transcript to the extent that we had it prior to it being aborted with the plea in this case. I'm, likewise, going to incorporate, by reference, the Sentencing Hearing that this Court conducted in conjunction with this case, on the day I sentenced you back on October 17, 1991. Is there anything else that the State would like the Court to either notice or put in the record before we hear from the defendant?
 MR. VODRAY: Simply to inform the Court that Syretta Prude was eleven-years-old at the time of the offense. Thank you, your Honor.
(Tr. 3-4)
The Court then determined that defendant was a sexual predator and informed the defendant what his obligations would be upon his release from prison.
Defendant's timely appeal to this Court followed. We will address defendant's assignments of error in the order asserted and together where it is appropriate for discussion.
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ART. II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
At the time defendant and the State filed their briefs herein, the Ohio Supreme Court had not yet addressed the constitutionality of H.B. 180. Since then, the Ohio Supreme Court has decided State v. Cook (1998), 83 Ohio St.3d 404 which contains a helpful historical analysis and the legislative background of "Megan's Law," i.e., those class of cases in which sexual offenders are identified and obliged to register with public authorities from whom notification is sent to neighbors or other interested parties. The Cook decision expressly addressed the constitutionality of H.B. 180 and found no ex post facto or retroactive infirmity in a constitutional sense in the new legislation. The Cook syllabus states as follows:
 R.C. 2950.09(2)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.
 R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution.
Given the Supreme Court's decision in Cook, we find no merit to defendant's ex post facto/retroactive constitutional arguments.
Defendant's Assignment of Error I is overruled.
The following assignments of error will be discussed together because they all relate to the identical constitutional issues recently addressed by this Court in reviewing H.B. 180.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANTS DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESS," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANTS H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISION OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANTS CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9, OF THE OHIO CONSTITUTION.
 XI. APPLICATION OF H.B. 180 TO APPELLANT, WHO PLED GUILTY TO AN OFFENSE PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANTS DUB PROCESS RIGHTS AND CRIM.R. 11, SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION/NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.
On January 28, 1999, this Court decided State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported, which addressed and overruled the identical constitutional issues raised by the foregoing assignments of error. We have reviewed the recent Eleventh District opinion in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, and see no reason to depart from our Ward decision on the constitutional issues involved. We adopt the discussion contained in Ward on these constitutional issues and follow same in the disposition of the foregoing assignments of error.
Defendant's Assignments of Error II, IV, V, VI, VII. VIII, IX, X and XI are overruled.
We will separately consider the remaining assignment of error which presents factual and evidentiary issues distinct from the Ward case.
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Defendant argues that there is a qualitative burden of proof on the State to establish by clear and convincing evidence that defendant is likely to commit future sexual offenses and that his "old conviction data" was not sufficient to meet this burden. This argument goes to the sufficiency of the evidence. We adopt and incorporate by reference that portion of our Ward decision which generally discusses the State's burden of proof and the factors the court shall take into consideration in reaching a sexual predator determination. See Ward, supra, at 8-15. However, since Ward's sexual predator classification was based on facts different from those presented in the case before us, we will separately address the trial court's finding that defendant is a sexual predator.
An offender is a sexual predator as defined by statute if he has been convicted of at least one sexually oriented offense and is found "likely" to commit another in the future. The determination that an offender is a sexual predator must be based on clear and convincing evidence. R.C. 2950.09(B)(3). Thus, the law permits the adjudication of an individual as a sexual predator based solely upon one conviction and consideration of the factors set forth in R.C. 2950.09 (B)(2). Eight of the ten factors set forth in R.C. 2950.09(B)(2) involve what may be considered "old conviction data," i.e., information available at the time of the original sentencing.
The court in State v. Ferris (Sept. 8, 1998), Warren App. No. CA98-03-035, unreported at 5, addressed this same argument and held that a finding that an offender is a sexual predator based on old conviction data is appropriate.
 Appellant argues that evidence of the facts underlying his previous convictions is not appropriate evidence to support a finding that he is a sexual predator because this evidence is not probative of his likelihood to commit sexual offenses in the future. However, this court has stated that "in determining an offender's propensity to commit future sex offenses, the trier of fact can use past behavior to gauge future propensity to commit crimes since past behavior is often an indicator of future violent tendencies. State v. Striley (December 29, 1997), Clermont App. No. CA97-05-046, unreported at 5, citing State v. Bartis (December 9, 1997), Franklin App. No. 97APA05-600, unreported. Likewise the United States Supreme Court has stated that "previous instances of violent behavior are an important indicator of future violent tendencies." Kansas v. Hendricks (1997), 117 S.Ct. 2072, 2080. See, also, State v. Naegele
(January 12, 1998), Clermont App. No. CA97-04-043, unreported.
Furthermore, the Supreme Court in Cook endorsed the use of such information when it stated that "reliable hearsay, such as a presentence investigation report, may be relied on by the trial judge" in making a sexual predator determination. Cook, supra, at 425.
In the case herein, it may be argued that the trial court relied on the defendant's old conviction data by incorporating its memory of the record from the defendant's partial trial and the sentencing hearing. However, this Court on appeal has no access to the information that the trial judge, who was also the sitting judge in those prior proceedings, was able to recall. No record was transcribed of those proceedings since the defendant never filed a direct appeal from his guilty plea. Therefore, since the trial court did not specify or even intimate what factors at the hearings supported its finding that defendant was a sexual predator, consistent with Ward, we cannot find the present record supports the conclusion that defendant is a sexual predator by clear and convincing evidence. Accordingly, we will remand the case for further consideration of "all parts of the record available to the court" including the untranscribed hearings. Ward, supra, at 15.
Assignment of Error III is sustained. Remanded for further consideration of the record in toto.
Judgment reversed and remanded.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J.
DYKE, J.,
ROCCO, J., CONCUR.